PETE GARZA, APPELLANT, v. MAACO AUTO PAINTING AND BODY WORKS, APPELLEE.

431 N.W.2d 629

Filed November 18, 1988.   No. 87-195.

Pete Garza, pro se.

Craig G. Ongley, of Schmid, Mooney & Frederick, P.C., for appellee.

BOSLAUGH, SHANAHAN, and GRANT, JJ., and ENDACOTT and QUIST, D. JJ.

PER CURIAM.

This pro se appeal arises out of an action for damages in which plaintiff, Pete Garza, contended that defendant, Maaco Auto Painting and Bodyworks, failed to repair his automobile in accordance with their agreement. Garza also claimed that Maaco made certain misrepresentations upon which he relied, to his detriment. Maaco counterclaimed for the agreed price of the repairs. Following a bench trial, the court dismissed Garza's petition and entered judgment on Maaco's counterclaim in the amount of $1,473.30 and costs. We affirm.

As pled and tried, Garza's claims were based on breach of contract and misrepresentation. Maaco's counterclaim was based on breach of contract. As such, it is an action at law. *Occidental S. & L. v. Bell Fed. Credit Union*, 218 Neb. 519, 357 N.W.2d 198 (1984). In an action at law tried without a jury, it is not the role of this court to resolve conflicts in or reweigh the evidence; in such an instance this court will presume that the trial court resolved any controverted facts in favor of the successful party and will consider the evidence and permissible inferences therefrom most favorably to that party. *Suess v. Lee Sapp Leasing*, 229 Neb. 755, 428 N.W.2d 899 (1988). In such actions, the findings and conclusions of the trial court have the effect of a verdict and will not be set aside unless clearly wrong. *Lutheran Medical Center v. City of Omaha*, 229 Neb. 802, 429 N.W.2d 347 (1988).

Our review of the record reveals sufficient evidence to support the following findings and conclusions: (1) that a contract was entered into between the parties; (2) that the contract provided for the painting of Garza's automobile, as well as the installation of a vinyl roof and sunroof; (3) that Maaco performed the work as required by the contract; (4) that no misrepresentations were made by Maaco; and (5) that Garza breached the contract by failing to pay the agreed price of $1,473.30 for the repairs performed. Having reviewed the record, we conclude that the decision of the trial court cannot be said to be clearly wrong.

AFFIRMED.